## STATE v. JOSEPH CLARK.

Court of Chancery. Kent. In Vacation. August 6, 1820.

*Ridgely's Notebook III, 180.*

Joseph Calloway made oath as follows:

State of Delaware, Kent County, ss.

Joseph Calloway of Murderkill Hundred in the county aforesaid, carpenter, being sworn on the Holy Evangels of Almighty God by Nicholas Ridgely, Chancellor of the State of Delaware, deposeth and saith that Jacob Calloway, the son of the said Joseph Calloway, is restrained of his liberty by Joseph Clark at Camden, in the hundred and county aforesaid, and that such restraint, to the best of the knowledge and belief of the said Joseph Calloway, is not by virtue of any commitment or detainer for any criminal or supposed criminal matter; that the said Joseph Clark alleges that he detains the said Jacob Calloway by reason of his,

the said Jacob's, having enlisted as a soldier in the Army of the United States, and the said Joseph Calloway further saith, that if he, the said Jacob Calloway did, or hath enlisted himself in the Army of the United States that he, the said Jacob, was not at the time of such enlistment of the age of twenty-one years, for that he, the said Jacob, is now of the age of twenty years, four months and a few days only, and is not now of the age of twenty-one years. (Signed) *Joseph Calloway*.

Sworn to and subscribed this 6th day of August, 1820, before:

(Signed) *Nicholas Ridgely*, CHANCELLOR.

NOTE. It was perhaps not necessary that the oath should have stated any allegation of Joseph Clark for his detention of Jacob Calloway, nor any negation of the facts alleged, nor of there not being a sufficient cause for the detention or restraint of said Jacob. See 2 Del.Laws 1062, s. 11. But if it had been necessary, then perhaps it ought to have gone on and stated that such enlistment was without the consent of him, the said Joseph Calloway, the father of said Jacob. See U. S. Laws 453, c. 269, s. 11.

The writ was not requested by the said Jacob Calloway in writing etc. See 2 Del.Laws [1057].

The writ was issued on Sunday *without* the words, "submit to," and "you" which are inserted in the copy which follows in parentheses.

Kent County ss. The State of Delaware to Joseph Clark, Greeting:

We command you, that the body of Jacob Calloway, by whatever name he may be called, restrained of his liberty by you, as it is said, together with the day and cause of the caption and restraint of him the said Jacob Calloway, you have before Nicholas Ridgely our Chancellor, at his chambers near Dover immediately after the receipt of this writ, to do (submit to) and receive what our said Chancellor shall then and there consider concerning him in this behalf: and have (you) there this writ.

Witness: Nicholas Ridgely Chancellor of the State of Delaware at Dover the sixth day of August in the year of our Lord one thousand eight hundred and twenty.

(Signed) *Nicholas Ridgely*, CHANCELLOR.

The words, "submit to," should be in such writs. *Vide* 3 Bl. Comm. 131. The writ was marked thus, By Act of the General Assembly, 1793.

On the 7th August, Joseph Clark brought the said Jacob Calloway before the Chancellor, together with the writ, and he made the following return thereon.

I, Joseph Clark, Quartermaster Sergeant of Company C, Corps of Artillery, of the Army of the United States, stationed at Fort Mifflin, do hereby certify that Jacob Calloway, the person named in the above writ, enlisted in the 5th Regiment of Infantry of the Armies of the United States under the command of Lieutenant Barnem about the first of September last and deserted from Fort Mifflin some time in the month of March last, and I, the said Joseph Clark, apprehended him, the said Jacob Calloway, as a deserter on 5th day of August at the camp meeting near Camden in Murderkill Hundred in Kent County in the State of Delaware.

(Signed) *Joseph Clark,* Q. M. St. Dover, August 7th 1820.

The following suggestions were made against Clark's return:

I, Jacob Calloway, do hereby state and give the Chancellor to understand that I was taken to the *rendezvous* at Philadelphia, and being in a state of intoxication, knew nothing of being enlisted until the next morning [I] was informed that I had on the over night enlisted, and that I never to my knowledge agreed to enlist. And I also inform your Honour that I at that time was and still am under the age of twenty-one years, and that I shall not be twenty-one years old until the third day of April next. Witness my hand this seventh day of August 1820.

(Signed) *Jacob Calloway.*

NOTE. It would have been better to have added that he was enlisted without the consent of his parent, but I apprehend that the consent of the father ought to have been shown and averred on the other side, for that is an exception in that Statute and makes the enlistment lawful, though the party enlisted is under twenty-one. However, the question does not depend on the form of pleading. If by investigating the truth of the circumstances of the case it appears that the party ought to be discharged, he is entitled to the discharge no matter how the facts are made to appear. See 2 Del.Laws 1058, 1059.

Joseph Calloway, the father of Jacob, was sworn as a witness for him: and he declared on his examination that the said Jacob Calloway is the son of him, the said Joseph; that he, Jacob, was born on April 3, 1800, in Murderkill Hundred, Kent County; and that he, the said Joseph, never consented to the enlistment of the

said Jacob, and that the same was done without his knowledge or consent.

> And now, to wit, this 7th August, 1820, the said Joseph Clark having brought here before THE CHANCELLOR the body of the said Jacob Calloway and set forth the cause of the capture and restraint of the said Jacob Calloway; and the return of the said Joseph Clark and the suggestion and proof [of] the said Jacob Calloway being read, heard and examined by THE CHANCELLOR, it is ordered adjudged and considered by THE CHANCELLOR that the said Jacob. Calloway be, and he the said Jacob is, hereby discharged from the custody, detention and restraint of the said Joseph Clark.

NOTE. By the Act of Congress of March 16, 1802, fixing the military peace establishment of the United States, Section 11, no person under the age of twenty-one years shall be enlisted by any officer or held in the service of the United States, without the consent of his parent etc. 3 U. S. Laws 453. Same provision in the 4 U. S. Laws 369, 488. But in the Act of Congress of December 10, 1814, passed during the late war, 4 U. S. Laws 719, persons under twenty-one may be enlisted etc. This Act was made to meet the emergency of the times, and it is not now in force; at least it certainly does not affect the case of Jacob Calloway, who enlisted under the present military peace establishment of the United States. Under the Act fixing that establishment, passed March 3, 1815, 4 U. S. Laws, s. 7, it is provided that the several corps authorized by that Act shall be recruited in the same manner, and with the same limitation, as are authorized by the Act of March 16, 1802, fixing the military peace establishment of the United States, 3 U. S. Laws 453, *et supra*. See note in page 826 of 4 U. S. Laws.

After THE CHANCELLOR had discharged Jacob Calloway, at the request of Sergeant Clark THE CHANCELLOR gave him the following certificate:

> I, NICHOLAS RIDGELY, CHANCELLOR of the State of Delaware, hereby certify that, by virtue of a writ of *habeas corpus* issued by me, directed to Joseph Clark to bring (have) the body of Jacob Calloway before me, the said Jacob Calloway was brought before me this day by the said Joseph Clark; and that the said Jacob Calloway was discharged by me from the custody of the said Joseph Clark on the ground that the enlistment of the said Jacob Calloway was contrary to law, he, the said Jacob Calloway, being

now, and at the time of his enlistment, under the age of twenty-one years, and having been enlisted without the consent of his father, Joseph Calloway. Witness my hand at Dover, this seventh day of August in the year of our Lord one thousand eight hundred and twenty.

(Signed)  *Nicholas Ridgely.*

[NOTE.]  The writ of *habeas corpus* may be awarded and issued on a Sunday.  The Act of Assembly requires that it shall be awarded, under a high penalty, on an appeal or complaint being made to the Chancellor or a judge in writing.  See 2 Del.Laws 1057, 1059, s. 6.